IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



PATTIE JACOBS,                §
                              §
    Plaintiff,                §
                              §
VS.                           §   NO. 4:18-CV-810-A
                              §
UNITED REVENUE CORPORATION,   §
                              §
    Defendant.                §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Pattie Jacobs ("Jacobs"), to vacate the court's December 3, 2018 order denying her motion for leave to file an amended complaint. Jacobs moved for leave on November 8, 2018, and, on November 15, 2018, defendant, United Revenue Corporation ("URC"), filed a response opposing the motion on November 15, 2018. Having considered the motion, the response, the record, and applicable authorities, the court concludes that Jacobs's motion should be denied.

I.

Background

On October 22, 2018, Jacobs filed a complaint alleging that she called URC to dispute a debt, but that, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e et seq, URC did not put on her credit report that the debt was disputed. During the parties' settlement conference, URC told Jacobs that it investigated the matter and learned that Jacobs

requested that her debt no longer be marked as disputed. URC also threatened to assert a counterclaim that Jacobs filed her complaint in bad faith and for the purpose of harassment.

Then, on November 8, 2018, Jacobs filed an amended complaint along with a motion for leave. In the amended complaint, Jacobs dropped her allegation that URC failed to report her debt as disputed. Instead, she claimed that URC violated the FDCPA by: (1) failing to disclose that her consumer debt was time-barred and, in doing so, (2) making a false representation in debt collection.

Seeing that the basis of Jacobs's allegations was a telephone call between the parties, the court ordered, on November 16, 2018, that Jacobs provide the defendant a transcript and recording of the telephone call. On December 3, 2018, after Jacobs failed to comply with the court's November 16 order, the court denied her motion for leave to amend her complaint. Jacobs represents that she finally provided URC a transcript and recording on December 3, 2018. The transcript, which Jacobs provided to the court, shows that the call took place on July 27, 2018.

II.

## Applicable Legal Principles

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court "should freely give leave when justice so requires." Granting leave "is not automatic," but is within the trial court's discretion. Southmark Corp. v. Schulte Roth & Zabel, 88 F.3d 311, 314 (5th Cir. 1996). In deciding whether to grant leave, the court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id. at 315.

We presume that a motion for leave to amend is timely if the movant filed it before the court entered a scheduling order. Cole v. Ridge, No. 3:03-CV-3079-BH, 2004 WL 2237028, at *2 (N.D.T.X. Oct. 4, 2004). "The non-movant must rebut this presumption to show undue delay." Id. In determining whether a movant has committed "undue delay," the court may consider "(1) an unexplained delay following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed." Southmark Corp., 88 F.3d at 316 (internal quotation marks omitted).

With regards to bad faith, the Fifth Circuit has held:

> [A]wareness of facts and failure to include them in the complaint might give rise to the inference that the plaintiff was engaging in tactical maneuvers to force the court to consider various theories seriatim. In such a case, where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate.

Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 599 (5th Cir. 1981) (reversing denial of leave, because plaintiff only discovered importance of facts underlying amended complaint during discovery); see Wimm v. Jack Eckerd Corp., 3 F.3d 137, 140 (5th Cir. 1993) (affirming denial of leave, because plaintiff knew facts underlying amended complaint long before filing original complaint).

Jacobs's conduct suggests that she unduly delayed her amendment. We acknowledge that Jacobs filed her motion before the court issued a scheduling order, creating a presumption that her motion was timely. The facts indicate that this presumption is rebutted, however. The telephone call between the parties took place on July 27, 2018, well before Jacobs filed her initial complaint. The subject of Jacobs's amended complaint was the representations that URC allegedly made to her during this telephone call, so Jacobs knew the factual basis of her amended complaint when she filed her original complaint. Jacobs has provided no explanation why she failed to raise these allegations

4

in her initial complaint. Thus, the court finds that Jacobs committed undue delay, weighing against granting leave.

The facts further indicate that Jacobs moved to amend her complaint in bad faith. She only filed her motion after URC accused her of requesting that it drop the "disputed" mark from her debt, and after URC threatened to file a counterclaim. It was URC's alleged failure to report her debt as disputed that served as the basis for her initial complaint. In other words, Jacobs amended her complaint to make a second attempt at collecting damages from URC after it was clear that her first attempt would fail. Unlike the movant in Dussouy, Jacobs did not learn new information during discovery that caused her to amend her complaint. Instead, she already knew the facts underlying her amended complaint when she first filed suit, but apparently waited to see if her first attempt at recovery would succeed. Accordingly, we find that Jacobs moved to amend her complaint in bad faith, further weighing against granting her leave.

Jacobs makes conclusory arguments that amendment would not be prejudicial or futile. But, even if amendment were not prejudicial or futile, it would not be enough to tip the balance of factors in Jacobs's favor. Because Jacobs failed to explain why she delayed raising her allegations until now, and because

she likely did so in bad faith, it is within the court's discretion to deny her leave to amend her complaint. Therefore,

The court ORDERS that Jacobs's motion to vacate the court's December 3, 2018 decision denying her leave to file an amended complaint be, and is hereby, denied.

SIGNED December 11, 2018.

_____
JOHN McBRIDE
United States District Judge